This case involves the right of the Town of Amite City, appellant, to enjoin the defendant appellee, Southern United Ice Co., from the use of a certain drainage ditch located in the Town of Amite City and lying within its municipal limits.
The controversy developed after the appellant had called upon the appellee to bear a portion of the cost of cleaning the ditch which is approximately 3000 feet long.
In the operation of an ice plant in the Town of Amite City the defendant maintains a one hundred foot well from which water is pumped and is used to cool the condenser necessary in the manufacture of ice. When this water has been thus used it is then allowed to drain into the ditch in question. The volume of water being poured into the ditch by the defendant was variously estimated by the witnesses from 50 to 75 gallons per minute (by O.C. Wykert, Chief Engineer at defendant's plant), to 275 gallons per minute (by C.A. Daniel).
The testimony clearly shows that the ice plant begins operation in the early spring around March 15 and continues in operation until the latter part of October or November and that after that time though ice is sold at the plant it is not produced there.
The testimony further shows that the manner of operation of this ice plant has not been changed since the defendant took over the plant in 1927. All the witnesses who testified on the trial of the case admitted that there were 6 to 8 inches of water in the ditch on the date of trial which was the 27th day of February, 1947, and this, despite the fact that the ice company had ceased operation requiring the use of water since November. Testimony also shows that the ditch in question serves as a drain from a filling station operated by Hood where automobiles are washed and where Presumably the waste oil found in the ditch *Page 61 
came in. Testimony was offered by the Town to show that the Gullett Gin Company assisted financially in the cleaning of this same ditch voluntarily because it also used the ditch to rid itself of artifically produced water.
The main contentions of the Town are that by the production of artificial water which is drained off through the ditch that the fresh water stimulates the growth of weeds, lilies and other aquatic vegetation in the ditch and stops the flow of water which causes the softening of the sub-surface of West Railroad Avenue which is surfaced with blacktopping and causes sinking and holes in said paving. Articles V, VI and VII of the petition state these contentions. The Town contends that such a situation is productive of a continuing nuisance.
There is testimony in the record to show that the other ditches situated in the Town and maintained by Town are cleaned from once to twice a year and that two thorough cleanings of this ditch each year would adequately drain the water pumped from defendant's well into this ditch as well as all the other natural drainage which is taken care of by this ditch.
The petition alleges that the ditch is maintained by the plaintiff "within the limits of your petitioner." This maintenance was admitted by the defendant and presumably this maintenance admits ownership by the plaintiff. It is described in the rule nisi to show cause why a preliminary injunction should not issue as the "drainage ditch running between West Railroad Avenue and the Chicago, St. Louis and New Orleans Railroad Company between Chestnut and Factory Street in Amite City * * *."
In view of the conclusions reached in this opinion, it is not necessary to pass on the plea of perscription filed under Article 765 of the Revised Civil Code, filed herein for the first time on appeal.
[1] The evidence adduced by the plaintiff does not show, in our opinion, that the plaintiff is entitled to an injunction because defendant has not maintained a nuisance. On the contrary, the evidence is clear that the defendant has engaged in the very operation sought to be enjoined for approximately 20 years and that the only complaint by the officials of the Town is that the fresh water artifically produced and allowed to flow into this ditch is productive of aquatic growth. Just how the town's officials can distinguish such growth resulting from natural rain water and the water dumped by the defendant is not clear. It seems important that at the time the suit was tried that the defendant was not making any use of the ditch by pouring artifically produced fresh water therein and yet all witnesses agreed, that there were 6 to 8 inches of water in the ditch on that day of the trial.
The conclusions reached by the counsel for the defendant in his brief that a continuous flow of fresh water such as maintained by the defendant in this case would not permit the breeding of mosquito larve seem entirely reasonable. Likewise the fact that the other ditches throughout the Town require cleaning at least once a year and some of the ditches require cleaning twice a year indicate that, if an injurious situation does exist, that the fault lies not with the defendant who makes use of the ditch but with the Town authorities in failing to adequately clean the ditch. All of the witnesses for the Town of Amite City indicated that a cleaning of the ditch twice a year would allow this use of the ditch by the defendant without any injurious effect to the street or the inhabitants of the Town.
Public things as defined by Article 453 of the Revised Civil Code are those "* * * the property of which is vested in a whole nation, and the use of which is allowed to all the members of the nation of this kind are navigable rivers, seaports, road steads and harbors, highways and the beds of rivers, as long as the same are covered with water."
[2] Article 454 of the Revised Civil Code further explains the definition of public things "things which are for the common use of a city or other place, as streets and public squares, are likewise public things." To the Court it logically follows that a ditch maintained by the Town should be for the common use of all of the citizens of the Town and property owners therein. To require only one or two taxpayers to assist in the cleaning and maintenance of this *Page 62 
ditch when the whole community enjoys its use appears unreasonable and the fact that this controversy has arisen because of the refusal of the defendant to contribute over and beyond its tax payments cannot be entirely ignored.
For the foregoing reasons the judgment of the District Court is affirmed.
ELLIS, J., recused.